NOT FOR PUBLICATION                                                    CLOSING

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————————— )
ADMA JIRIS ABUHOURAN                      )
                                          )    Civil No. 06-2809
            Plaintiff,                    )    Hon. Faith S. Hochberg, U.S.D.J.
      v.                                  )
                                          )    **OPINION**
SOCIAL SECURITY ADMINISTRATION,           )
LINDA S. MCMAHON, MR. THAYER,             )
MS. RODRIGOUES, NEW JERSEY                )
DEPARTMENT OF MOTOR VEHICLES,             )
THE STATE OF NEW JERSEY, *et al.*         )
                                          )    Date: July 30, 2007
            Defendants                    )
                                          )
———————————————————————— )

**HOCHBERG, District Judge:**

**I.      Introduction:**

       This matter comes before the Court upon Defendants Social Security Administration

("SSA") and SSA employees McMahon, Thayer, and Rodrigoues' Motion to Dismiss, or in the

Alternative, for Summary Judgment.  This Court has reviewed the motion without oral argument

pursuant to Fed. R. Civ. P. 78.[1]

_____

       [1] SSA Defendants filed a Motion to Dismiss, or in the Alternative, a Motion for Summary
Judgment.  Because this Court's Opinion relies on the submitted Declaration of Dennis Mass,
Director of the Center for Programs Support for the SSA; the Declaration of Marlene W. Heiser,
a senior attorney in the Office of the General Counsel, Office of General Law of the SSA; and
SSA records regarding Plaintiff's Social Security number to address the claims raised by
Plaintiff, the Court will consider this motion as a Motion for Summary Judgment.

## II.      Factual Background:

Plaintiff's Amended Complaint alleges that on January 12, 2006, Plaintiff went to the New Jersey Division of Motor Vehicles ("NJDMV") to renew her New Jersey Driver's License, which had been expired for eight years.  The NJDMV refused to renew her license based upon a mismatch in the information shared with the Department of Social Security.  On January 13, 2006, Plaintiff went to the SSA to get a Social Security card and was told that the card could not be issued because the documents Plaintiff provided to prove her identity and age did not match with SSA records.  Plaintiff states that after obtaining a United States passport, she went back to the SSA on June 7, 2006 to get her Social Security card and was treated with hostility by SSA employees on this visit.  Plaintiff then returned to NJDMV and again attempted to get her license renewed but was turned down because the identity information she provided still did not match the SSA records.  Plaintiff filed her first Complaint in this case on June 22, 2006.  In September 2006, Plaintiff met with the SSA, and she was later issued a new Social Security card in October 2006.  In late November 2006, Plaintiff received her new driver's license from NJDMV.

Plaintiff filed an Amended Complaint on April 25, 2007 against Defendants SSA; SSA employees McMahon, Thayer, and Rodrigoues; NJDMV; and the State of New Jersey.  Plaintiff seeks $5,000,000 in damages under the Privacy Act; $5,000,000 in damages as a *Bivens* claim for violation of her right to equal protection under the Fifth Amendment; $5,000,000 in damages as a *Bivens* claim for a due process violation under the Fifth Amendment; and $250,000 in damages under the Federal Tort Claims Act.  *See* Amended Complaint at ¶77-¶80.  This Court dismissed Plaintiff's Complaint against NJDMV and the State of New Jersey in a June 8, 2007 Order.

### III.   Standard of Review:

Pursuant to Rule 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party."  *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988).  All facts and inferences must be construed in the light most favorable to the non-moving party.  *Peters v. Delaware River Port Auth.,* 16 F.3d 1346, 1349 (3d Cir. 1994).

The party seeking summary judgment must establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law or demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden.  *See Celotex Corp.*, 477 U.S. at 322–23.  Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party.  To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial.  *Miller*, 843 F.2d at 143; *see also Celotex Corp.*, 477 U.S. at 324.[2]

---

[2] It is clear that if a moving party satisfies its initial burden of establishing a prima facie case for summary judgment, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586.  Instead, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id.* at 587 (*quoting First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**IV.     Analysis:**

A.     Count 1: Privacy Act

_____Plaintiff alleges that Defendants violated the Privacy Act, 5 U.S.C. § 552, by failing to correct mistakes on SSA records concerning Plaintiff's Social Security number and birth date. Although Plaintiff's initial request for the SSA to issue her a new Social Security card is moot because the SSA issued her a new card in November 2006, Plaintiff additionally requests money damages for the alleged violation.  In order to state a claim for money damages under the Privacy Act, a plaintiff must allege that 1) a defective record 2) proximately caused 3) an adverse determination concerning her and 4) actual damages.  5 U.S.C. § 552.  *See, e.g., Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 657 (D.C. Cir. 1996).  Additionally, to win money damages for such a violation, a plaintiff must show that the agency's actions were made with malice.  5 U.S.C. § 552a(g)(4).

Defendants' refusal to change Plaintiff's records and issue a new card was in accordance with SSA policy.  The Intelligence Reform and Terrorism Prevention Act of 2004 requires SSA to "establish minimum standards for the verification of documents or records submitted by an individual to establish eligibility for an original or replacement social security card."  Pub. L. 108-458, 118 Stat. 3638, 3830.  Plaintiff submitted her old Social Security card, an expired driver's license, an expired passport, and her Certificate of Naturalization to SSA for proof of identification.  Plaintiff's submissions for proof of identification did not satisfy SSA standards. POMS RM 00203.200(F)(1),(C)(3),(5).  Because discrepancies existed in the records under Plaintiff's name and Social Security number, SSA employees did not immediately issue a

replacement Social Security card upon Plaintiff's submission of a new passport.[3]  SSA

employees have discretion to refuse to issue a new Social Security card when there are

discrepancies in the record concerning a particular name and social security number.  If an SSA

employee is not certain that the applicant has proven her identification, SSA policies require the

employee to refuse to issue a new card.  In light of SSA identification policies and the

discrepancies in the record concerning Plaintiff's identity, Plaintiff has failed to demonstrate that

SSA employees withheld her new card for reasons other than accordance with SSA policy.  The

Court therefore grants summary judgment in favor of Defendants on Plaintiff's Privacy Act

claim.

B.      Count 2 and 3:  *Bivens* Claims

        Plaintiff alleges that she faced systematic and invidious discrimination from SSA

employees and was denied due process in violation of the Fifth Amendment.  Plaintiff brings

these actions as *Bivens* claims and seeks money damages for tortious interference with her

constitutional rights by the SSA employees.  A *Bivens* claim allows a claimant to recover money

damages for constitutional violations committed by federal agents.  *See Bivens v. Six Unknown*

*Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Any claim for money damages

for constitutional violations must satisfy the two step *Bivens* analysis.  *Wilkie v. Robbins*, No. 06-

219, Slip at p. 11, __US__ (June 25, 2007).  First, a court must determine whether there are

alternative remedies available to protect the claimed interest.  Second, the court must inquire

---

[3] Numerous applications for Social Security cards have been made by Plaintiff and/or
another individual with the same Social Security number since January 1977.  These applications
list inconsistent birth dates and gender identifications.  *See* January 31, 2007 Declaration of
Dennis Mass and February 6, 2007 Declaration of Neil R. Gallagher.

whether, even in the absence of an alternative, a *Bivens* remedy is warranted.  *Id.*  Courts have

held that a *Bivens* remedy is not appropriate against individual employees where the plaintiff has

filed an action under the Privacy Act against the agency.  *See Griffin v. Ashcroft*, No. 02-5339,

2003 WL 22097940, at *2 (D.C. Cir. Sept. 3, 2003); *Chung v. U.S. Dep't of Justice,* 333 F.3d

273, 274 (D.C. Cir. 2003).  Here, Plaintiff's *Bivens* claims rely on the same allegedly malicious

behavior that gives rise to her claim under the Privacy Act.  As Congress has already created an

alternative by which Plaintiff can recover for the alleged tortious behavior of the SSA employees,

Plaintiff's *Bivens* claims are dismissed.

C.     Negligence Under the Federal Tort Claims Act

The Federal Government is immune from suit except as Congress has expressly

consented.  The Federal Tort Claims Act ("FTCA") is one such waiver of immunity that provides

claimants with an action in tort against the federal government.  The FTCA sets forth specific

procedural rules which must be followed in order to invoke the Court's jurisdiction and bring suit

against the federal government.  *Caiden v. United States of America,* 564 F.2d 284, 286 (9th Cir.

1977), *Bialowas v. United States,* 433 F.2d 1047 (3d Cir. 1971).  The only proper defendant in a

suit alleging personal injuries arising out of the negligence of federal employees is the United

States; the SSA is not a proper defendant.  *See Dilg v. United States Postal Service*, 635 F. Supp.

406, 407 (D.N.J. 1982); *see also Morano v. United States Naval Hospital*, 437 F.2d 1009, 1010

n.1 (3d Cir. 1971).  Plaintiff has failed to state a claim against a proper party under the FTCA,

and the Court dismisses her FTCA claim.[4]

---

[4] Plaintiff's untimely July 23, 2007 Opposition Brief references a request to amend her
Complaint to include the United States as a party in one paragraph of her 28-page submission.
The Court denies this request.  Even if the court allowed Plaintiff to amend her Complaint to add

## V.        Conclusion:

For the reasons set forth in this Opinion, the Court grants Defendants' Motion for

Summary Judgment.  An appropriate order will issue.

**/s/ Faith S. Hochberg**

Hon. Faith S. Hochberg, U.S.D.J.

_____

the United States as a party, Plaintiff's claim would still fail because the FTCA does not provide a cause of action against the United States for a federal employee's alleged abuse of discretion. *See* 28 U.S.C. §2680 (stating that the FTCA does not apply to "any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion is abused.")  The Court also denies Plaintiff's July 23, 2007 request for an extension to file an opposition brief because she submitted a 28-page opposition brief on July 23, 2007.  Furthermore, the Court has previously granted Plaintiff four extensions for other submissions in this case, and the Court ordered on February 26, 2007 that Plaintiff would receive no further extensions.